UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION, LLC., *et al*.<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>SHEPARD EXPOSITION SERVICES, INC.,<br><br>　　　　　　　Defendant. | Case No.: 2:23-cv-00538-GMN-BNW<br><br>**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court is the Motion for Default Judgment, (ECF No. 14), filed by Plaintiffs Trustees of the Nevada Resort Association—International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720, Pension Trust; Trustees of the Nevada Resort Association—International Alliance of Theatrical Stage Employees and Moving Pictures Machine Operators of the United States and Canada, Local 720, Wage Disability Trust; and Trustees of the Nevada Resort Association—International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720, Apprentice and Journeyman Training and Education Trust (collectively "Plaintiffs"). Defendant Shepard Exposition Service, Inc. did not file a Response. For the reasons discussed below, the Court **GRANTS in part** Plaintiffs' Motion for Default Judgment against Defendant.

I.　　　**BACKGROUND**

The Plaintiff Trusts are labor-management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 186(c)(5). (Compl. ¶ 6, ECF No. 1). Defendant acted as an employer within the State of Nevada employing persons who perform work covered by a collective

bargaining agreement ("CBA") between Defendant and International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada Local 720 ("Local 720"). (*Id.* ¶¶ 9, 11, 15, 16).

Plaintiffs brought this suit against Defendant because it allegedly breached the CBA and Trust Agreements, and violated the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See generally* Compl.). Under the CBA and Trust Agreements, Defendant is obligated to contribute to the IATSE Trust Funds on behalf of Local 270 and to make its books and records available for review by the Trust Funds to determine whether all required contributions have been made. (*Id.* ¶¶ 17–18); (CBA at 14, Ex. 13 to Mot. Default J., ECF No. 14-1); (IATSE Pension Trust Agreement at 7, Ex. 2 to Mot. Default J., ECF No. 14-2); (IATSE Wage Trust Agreement at 7, Ex. 3 to Mot. Default J., ECF No. 14-3); (IATSE Training Trust Agreement at 13, Ex. 4 to Mot. Default J., ECF No. 14-4). Plaintiffs allege that Defendant has failed to contribute all required IATSE Trust Funds contributions and has failed to make its books and records available to the Trust Funds to determine whether all required contributions have been made. (Compl. ¶¶ 18–21).

Defendant failed to answer or otherwise appear in this case. Plaintiffs moved for entry of default, and default was entered by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Entry Default, ECF No. 12). Plaintiffs now move for default judgment under Federal Rule of Civil Procedure 55(b).

**II.  LEGAL STANDARD**

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. FRCP 55(a). Entry of default is only appropriate when a party "has failed to plead or otherwise defend." *Id.* After the clerk enters the default, a party must then separately seek entry of default judgment

from the court in accordance with Rule 55(b).  Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

### III.  DISCUSSION

As an initial matter, the Plaintiffs have met the first step of the two-step process for obtaining default judgment.  Pursuant to FRCP 55(a), the Clerk of the Court correctly entered default against the Defendants because they have not appeared in this case. (*See* Entry Default, ECF No. 12).  Thus, the Court, in its discretion, may order a default judgment based on a balance of the *Eitel* factors.

**A. Possibility of Prejudice to the Plaintiff**

A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits." *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No: 2:17-cv-03056-GMN-PAL, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Federal courts have exclusive jurisdiction for claims arising under ERISA, so denial of Plaintiffs' Motion would leave them without a remedy. 29 U.S.C. § 1132(e); *see Operating Engineers Health & Welfare Tr. Fund*, No. 4:22-CV-03004-KAW, 2023 WL 9231400, at *7

(N.D. Cal. Dec. 20, 2023), *report and recommendation adopted*, No. 22-CV-03004-HSG, 2024 WL 150291 (N.D. Cal. Jan. 11, 2024). Defendant has failed to appear in this lawsuit and the Plaintiffs lack alternative avenues of recovery. Plaintiffs will therefore suffer prejudice if default judgment is not entered, and this factor weighs in favor of default judgment.

### B. Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

The second and third factors focus on the merits of Plaintiffs' substantive claims and the sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471. These factors, often analyzed together, require courts to determine whether a plaintiff has "state[d] a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Courts often consider these factors "the most important." *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). If a district court has "serious reservations" about the merits of a plaintiff's claims based on the pleadings, these factors weigh in favor of denying default judgment. *See Eitel*, 782 F.2d at 1472. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." *See Adobe Sys., Inc. v. Tilley*, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010).

Plaintiffs allege that Defendant failed to meet its obligations to provide requested documents and contribute monthly fringe benefit contributions to the Trusts as required under the CBA and Trust Agreements to which it is bound. (*See generally* Compl.). Because Defendant had default entered against it, the Court takes these facts as true. *See TeleVideo Sys., Inc.*, 826 F.2d at 917–18. "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

agreement shall, to the extent not inconsistent with law, make such contributions . . . ." 29 U.S.C. § 1145.  If the employer fails to do so, a plaintiff may bring an action under 29 U.S.C. § 1132(d)(1) to recover the unpaid contributions.  Therefore, Defendant is liable to the Plaintiffs for its unpaid contributions, interest, liquidated damages, and attorneys' fees. *See* 29 U.S.C. § 1132(g)(2).  The second and third *Eitel* factors thus favor the entry of default judgment.

### C. The Sum of Money at Stake in the Action

The fourth *Eitel* factor addresses the damages at stake in the action. *See Eitel*, 782 F.2d at 1471.  The Court considers "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016) (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)).  "If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Landstar Ranger, Inc.*, 725 F.Supp.2d at 921.

Though Plaintiffs assert that they are entitled to presume that Defendant owes $6.330.98 for each month since January 1, 2021, they only request an order compelling the Defendant to submit to an audit in order to determine the total amount owed by Defendant. (Mot. Default J. 17:19–18:8).  When Plaintiffs move for damages after the audit, those damages will be dictated by statute.  ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).  So long as Plaintiffs' final requested damages are supported by evidence from the audit, those damages will be reasonable and proportionate to the harm under the text of ERISA. *See id.*  The Fourth *Eitel* factor therefore favors the entry of default judgment.

///

### D. Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor evaluates the possibility of dispute as to any material facts in the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. Once the Clerk of Court enters default, all well-pleaded facts in complaint, except those relating to damages, are taken as true. *Id*. Here, Plaintiffs filed a well-pleaded Complaint alleging the facts necessary to establish their claims, and the Clerk entered default against Defendant. Thus, no dispute has been raised regarding the material averments of the complaint, and the likelihood that any genuine issue may exist is not high. This factor therefore favors the entry of default.

### E. Excusable Neglect

The sixth factor considers whether the defendant's defaults are due to excusable neglect. *Id*. If a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). It is unlikely that the defaults are due to excusable neglect in this case. Plaintiffs properly served Defendant and Defendant accepted service. (*See generally* Summons, ECF No. 5). As a result, this factor weighs in favor of default judgment.

### F. Policy for Deciding on the Merits

The final factor weighs against default judgment. As the Ninth Circuit explained in *Eitel*, "default judgments are ordinarily disfavored." 782 F.2d at 1472. "Cases should be decided upon their merits whenever reasonably possible." *Id*. But the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

///

///

### G. Conclusion Regarding the Eitel Factors

Evaluating the *Eitel* factors as applied to this case, the Court finds that the majority of the factors support the entry to default judgment and concludes that the entry of default judgment against Defendant is appropriate.

## IV. DAMAGES AND INJUNCTIVE RELIEF

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc.* 238 F. Supp. 2d at 1175 (citing *Televideo Sys. Inc.*, 826 F.2d at 917–18).

Plaintiffs seek a judgment requiring Defendant to (1) promptly submit to the audit requested by Plaintiffs for the period of January 1, 2021, through the present, and provide the necessary records to complete the audit, and (2) pay Plaintiffs attorneys' fees and costs totaling $10,538.67.

### A. Audit

Plaintiffs seek injunctive relief requiring an audit of Defendant's book and records from January 1, 2021, to the present in order to determine the amount that Defendant owes. (Mot. Default J. 6:16–17). The Supreme Court has held that where a collective bargaining agreement gives the Trustees of an employee benefit plan the right to audit an employer's books and records, it will be enforced. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp. Inc.*, 472 U.S. 559, 581 (1985). Here, pursuant to the Trust Agreements, Plaintiffs have the right to compel an audit to ensure compliance with the Agreements. (IATSE Pension Trust Agreement, Ex. 2 to Mot. Default J. at 7–8, ECF No. 14-2); (IATSE Wage Trust Agreement, Ex. 3 to Mot. Default J. at 7–8, ECF No. 14-3); (IATSE Training Trust Agreement, Ex. 4 to Mot. Default J.

at 13, ECF No. 14-4). Thus, Defendants are contractually obligated to submit to an audit of their financial records to ensure its compliance with the Agreements. Accordingly, the Court orders Defendant to submit to an audit of its records, which includes producing all outstanding contribution reports.

### B. Damages

Plaintiffs provide an estimated calculation of damages based on a remittance report from April 2018 as Plaintiffs are entitled to do under the Trust Agreements. (IATSE Pension Trust Agreement at 8, Ex. 2 to Mot. Default J., ECF No. 14-2); (ITASE Wage Trust Agreement at 8, Ex. 3 to Mot. Default J., ECF No. 14-3); (IATSE Training Trust Agreement at 14–15, Ex. 4 to Mot. Default J., ECF No. 14-4). However, "[i]n ERISA cases, courts may retain jurisdiction to adjust the damages award following an audit." *Operating Engineers Health & Welfare Tr. Fund for N. California v. Capurro AG Sols., LLC*, No. 4:22-CV-03004-KAW, 2023 WL 9231400, at *11 (N.D. Cal. Dec. 20, 2023), *report and recommendation adopted*, No. 22-CV-03004-HSG, 2024 WL 150291 (N.D. Cal. Jan. 11, 2024) (quoting *Bd of Trustees v. KMA Concrete Constr. Co.*, Case No. 10-cv-5774-JCS, 2011 WL 7446345, at *6 (N.D. Cal. Dec. 20, 2011)) (recommending the district court retain jurisdiction to account for further delinquencies discovered by an audit after proper showing by the plaintiff). Rather than award Plaintiffs estimated damages at this time, the Court will retain jurisdiction over this matter pending a timely audit to amend the judgment upon a proper showing by Plaintiffs of the actual amounts owed.

### C. Attorneys' Fees and Costs

Section 1132(g) of ERISA requires the Court to award Plaintiffs "reasonable attorneys' fees and costs of the action" when Plaintiffs obtain a judgment in their favor or otherwise obtain the relief sought. 29 U.S.C. § 1132(g)(2)(D). Similarly, the Trust Agreements provide that Defendant must reimburse Plaintiffs for attorneys' fees, audit fees, costs, and all other

expenses incurred in connection with the collection of delinquent contributions. (IATSE Pension Trust Agreement, Ex. 2 to Mot. Default J. at 8); (IATSE Wage Trust Agreement, Ex. 3 to Mot. Default J. at 8); (IATSE Training Trust Agreement, Ex. 4 to Mot. Default J. at 13).

Here, Plaintiffs seek costs incurred in this matter in the amount of $189.17. (Mot. Default J. 8:10–12); (Urban Decl. ¶ 18, Ex. 1 to Mot. Default J., ECF No. 14-1); (Atty's Fees and Costs at 1–2, Ex. 1-A to Mot. Default J., ECF No. 14-1). Plaintiffs also seek reimbursements of attorneys' fees reasonably incurred by Plaintiffs' counsel in connection with this action from January 3, 2023, through June 14, 2024, totaling $10,349.50. (Atty's Fees and Costs at 3–12, Ex. 1-A. to Mot. Default J.). Plaintiffs' counsel has submitted a declaration summarizing the qualifications of and time spent by attorneys and paralegals in this matter, along with their hourly rates and the actual billing records supporting all amounts requested. (*See generally* Urban Decl., Ex. 1 to Mot. Default J.); (Atty's Fees and Costs, Ex. 1-A to Mot. Default J.).

### 1. Costs

Plaintiffs seek reimbursement of costs in the amount of $189.17. (Mot. Default J. 8:10–12). Costs were incurred for service of complaint, printing, and postage. (Atty's Fees and Costs at 1–2, Ex. 1-A to Mot. Default J.). These costs appear reasonable, and therefore, the Court awards costs in the amount of $189.17.

### 2. Attorneys' Fees Incurred

Under ERISA § 1132(g)(2), fee awards are mandatory, but courts should consider the reasonableness of these fees. *Kemmis v. McGoldrick*, 706 F.2d 993, 997–98 (9th Cir. 1983). The Ninth Circuit has articulated five factors that should be considered in determining reasonable attorney fees: (1) the degree of the opposing partes' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether

the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). These factors are intended to guide the Court in its discretion, but none of the factors are dispositive; any combination can support an award of fees. *Credit Managers Ass'n of S. Cal. v. Kennesaw Lief & Acc. Ins. Co.*, 25 F.3d 743, 749 (9th Cir. 1994).

Here, the award of attorney's fees would deter other employers from becoming delinquent on employee contributions, because fees can add greatly to the amount of unpaid contributions. An award of fees further encourages employers to be more diligent in their record keeping and prompt with their payment. Also, Plaintiffs' claim to compel the audit has been adequately supported and the merits of their position are well-grounded. Accordingly, the Court finds that the above factors weigh in favor of awarding attorneys' fees.

Once fees under ERISA are awarded, a court must calculate the lodestar amount to assess the reasonableness of attorney's fees. *Credit Managers Ass'n of S. Cal.*, 25 F.3d at 750. The lodestar amount is determined by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotations omitted). The Court will consider the reasonableness of the hourly billing rate and hours billed in turn.

**a. Reasonableness of the Hourly Billing Rate**

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal.*, 25 F.3d at 750. In doing so, a court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits. *Id.*

Here, Plaintiffs' claimed hourly range is as follows: a paralegal at $125 per hour, an associate attorney at $225 per hour and a partner attorney at $310 per hour. (Urban Decl. ¶ 16(e)). Plaintiffs' hourly rates are within the range found reasonable in ERISA actions by other judges in the District of Nevada. *See, e.g.*, *Bd. of Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Bottom Line Constr.*, No. 2:23-CV-830-JCM-DJA, 2024 WL 3104519, at *5 (D. Nev. June 24, 2024). After reviewing Plaintiffs' billing records and considering the experience of counsel, the Court finds that the hourly rates are reasonable and consistent with the prevailing market rates in the District of Nevada.

### b. Reasonableness of the Hours Billed

In order to assess whether the number of hours billed is reasonable, Plaintiffs must submit detailed records justifying the hours that have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 120 (9th Cir. 1986). Here, Plaintiffs' counsel billed a total of 49.2 hours from January 3, 2023, to June 14, 2024, incurring $10,349 of fees. (Atty's Fees and Costs, Ex. 1-A to Mot. Default J.).

After reviewing Plaintiffs' declaration and billing records detailing the tasks completed and time spent in this matter, the Court finds the number of hours billed reasonable. The Court therefore awards Plaintiffs $10,349.50 in attorneys' fees and $189.17 in costs, for a total of $10,538.67. These attorneys' fees and costs include only those incurred up to the date of filing of the instant motion. Because the Court retains jurisdiction over this matter, Plaintiffs can seek additional attorneys' fees and costs when they move for entry of additional damages after a completed audit.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 14), is **GRANTED in part.** To the extent Plaintiffs seek to be preemptively awarded unpaid contributions, liquidated damages, and interest that may be found due in the forthcoming audit,

the Court DENIES that request.  The Court retains jurisdiction to amend the judgment if the audit finds that amounts are due and owed.

**IT IS FURTHER ORDERED** that Defendant must submit to an audit of its books and records, including all outstanding contribution reports covering the period of January 1, 2021, through the present.

**IT IS FURTHER ORDERED** that Plaintiffs be awarded reasonable attorneys' fees in the amount of $10,349.50, and reasonable costs in the amount of $189.17.

**DATED** this __13__ day of November, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT